IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2: 11-cr-00053 |
| v. | ) | 2: 14-cv- 0272 |
| | ) | |
| MONTEZ FREEMAN | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1008) filed by Defendant Montez Freeman, with a brief and three Affidavits/Declarations of Montez Freeman in support. The government filed a response in opposition to the motion, Freeman submitted a reply, and the motion is ripe for disposition.

Factual and Procedural Background

On March 1, 2011, a federal grand jury returned a one-count indictment which charged eight individuals with conspiracy to distribute one kilogram or more of heroin from June 2009 through February 2011. On July 15, 2011, the government filed a three-count superseding indictment which charged a total of eighteen Defendants, including Freeman and his girlfriend Tanisha Williams, with the heroin conspiracy at Count 1. The superseding indictment also added money laundering charges against other Defendants at Counts 2 and 3. On August 24, 2011, James Donohue was appointed as Freeman's attorney under the Criminal Justice Act ("CJA"). ECF No. 345.

Counsel filed several requests for extensions of time to file pretrial motions, which the

Court granted. Eventually, counsel filed several standard pretrial motions and requested to join in motions filed by other Defendants, including a challenge to the wiretap evidence. On March 30, 2012, counsel filed a Motion to Suppress evidence regarding: (1) a vehicle stop and seizure of $13,465 in cash on March 11, 2011; (2) statements made in the ensuing interrogation; and (3) subsequent search of Williams' home. On July 30, 2012, the Court granted a motion to provide Freeman with access to a computer while in pretrial detention. The Court scheduled a hearing on the suppression motion, which was postponed several times at the request of counsel.

In September 2012, the Court was informed that Freeman intended to plead guilty and scheduled a hearing for a change of plea. This hearing was also postponed several times. On October 15, 2012, Freeman filed a motion to cancel the plea hearing and reinstate the hearing on his suppression motion.[1] After an in-court conference with Freeman, Donohue and the Assistant United States Attorney, the Court again scheduled a suppression hearing for November 27, 2012. Counsel Donohue filed two more motions to postpone the hearing. On January 1, 2013, Freeman sent a letter to the Court which objected to the continuances requested by his attorney. On January 15, 2013 Freeman sent a letter to the Court to request new counsel. The Court denied this request.

On March 4, 2013, the date of the re-scheduled suppression hearing, Freeman instead proffered a plea of guilty to a lesser-included offense at Count 1 of the Superseding Indictment, namely conspiracy to distribute 100-400 grams of heroin, and was sentenced that same day pursuant to a written plea agreement with the government. Under the terms of the plea agreement, the government agreed to not file a § 851 information regarding a prior drug conviction (which would have triggered a 10-year mandatory minimum term of imprisonment),

---

[1] By this date, all seventeen of the other Defendants had entered pleas of guilty.

and the parties stipulated pursuant to Rule 11(c)(1)(C) that a term of imprisonment of seven (7) years was the appropriate sentence. Freeman also agreed in the plea agreement that he would waive his right to take either a direct appeal or a collateral appeal under 28 U.S.C. § 2255 of his conviction or sentence. The Court conducted an extensive colloquy to determine that the guilty plea entered by Freeman, including the waiver of his right to file a collateral appeal pursuant to § 2255 was knowing and voluntary. The Court further determined that the sentence agreed upon by Freeman and the government was fair and reasonable and within the advisory guideline range.

On March 3, 2014 Freeman filed the pending § 2255 motion, which seeks relief from his conviction and sentence. His § 2255 petition sets forth five grounds for relief: (1) the vehicle stop on March 21, 2011 violated the Fourth Amendment; (2) the officers failed to give Miranda warnings to Freeman and Williams upon their arrest that day; (3) ineffective assistance of counsel; (4) prosecutorial misconduct; and (5) lack of probable cause for the vehicle stop. The accompanying affidavit[2] from Freeman further explains the alleged ineffective assistance of counsel for numerous reasons, including: (1) failing to conduct meaningful pretrial discovery; (2) failing to file a suppression motion to challenge the March 21, 2011 search; (3) telling Freeman that he did not have a defense prepared and advising him to take a plea agreement; (4) forcing Freeman to meet with the prosecutor; (5) failing to discuss a guidelines sentence and intimidating him into accepting the plea deal; (6) accepting $11,500 from Freeman for the representation, while also being paid under the CJA; (7) stealing money from Freeman; (8) failing to challenge forfeiture of jewelry and $940; (9) stall and delay tactics in filing pretrial motions; (10) failing to call witnesses to challenge the March 21, 2011 arrest; and (11) failing to challenge the wiretap

---

[2] Freeman filed a second affidavit, which sets forth alleged misconduct by his attorney, and a third affidavit, which addresses the circumstances of the March 21, 2011 traffic stop search and seizure.

evidence and supporting affidavits.

In opposing Freeman's motion, the government contends that he knowingly and voluntarily waived his right to file a § 2255 motion in the plea agreement. The government contends that this waiver should be enforced, despite the contrary Formal Opinion 2014-100 issued by the Pennsylvania Bar Association Legal Ethics and Professional Responsibility Committee and its subsequent voluntary decision to no longer include such § 2255 waivers in future plea agreements. In sum, the government reasons that the ethics opinion is advisory-only; that waivers of claims of ineffective assistance of counsel were upheld and enforced in *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008); and that this Court properly verified that the waiver by Freeman was knowing and voluntary. In the alternative, the government contends that Freeman's claims are without merit because his constitutional rights were not violated and his attorney was not ineffective. In particular, the government notes that the charge against Freeman did, in fact, carry a statutory maximum penalty of life imprisonment and that if Freeman had been convicted after trial, he would have faced an advisory guideline range as a career offender of 360 months to life. The government also avers that the evidence against Freeman was strong. The government rejects the accusation that it acted improperly. The Court concludes that an evidentiary hearing is not necessary.

A. Validity of § 2255 Waiver

In *United States v. Joseph*, 2014 WL 2002280 (W.D. Pa. May 15, 2014), Judge Ambrose recently and cogently summarized the current status of the law with respect to whether § 2255 waivers, such as that contained in Freeman's plea agreement, remain valid and enforceable.

> Generally, in this Circuit, waivers of the right to collateral attack are valid if
> entered into knowingly and voluntarily, and will divest the district court of

> jurisdiction over a collateral attack. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). Although the attorney ethics surrounding such waivers have recently been called into question, our Court of Appeals has since affirmed their enforceability as a legal matter. *E.g., Muller v. Sauers*, 523 Fed. Appx. 110, 111–12 (3d Cir. 2013). *Khattak*, which rejected an argument similar to that which Defendant now advances, remains in force in this Circuit generally, and in the collateral attack context specifically. *See, e.g., United States v. Murray*, 483 Fed. Appx. 690 (3d Cir. 2012). As the above-referenced Ethics Opinion acknowledges, the Advisory Committee's position is "aside from whether the courts might approve such waivers." Ethics Advisory Opinions are not binding on federal courts. Although our Court of Appeals may someday declare collateral attack waivers per se invalid in light of the ethical dilemmas they present, it has not done so to date. *Cf. United States v. Grimes*, 739 F.3d 125 (3d Cir. 2014). Absent guidance from our appellate court, I am unwilling to arrive at such a rule.

The Court agrees with this analysis.

Upon examination of the record, it is clear that Freeman's waiver of his right to file a collateral attack of his conviction and/or sentence was knowing and voluntary. The Court was aware of the difficult attorney-client relationship and of Freeman's dissatisfaction with attorney Donohue. Accordingly, throughout the plea and sentencing colloquy, the Court exercised care to ensure that Freeman understood his constitutional rights, the mandatory minimum and maximum sentences he faced, and the terms of the agreement with the government – including the negotiated sentence of 84 months of imprisonment. As Judge Ambrose observed in *Joseph*:

> Our Court of Appeals has "long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where ... an adequate plea hearing was conducted." *Delbridge*, 504 Fed. Appx. at 151. Thus, such circumstances do not meet the ineffective assistance standards enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Shedrick*, 493 F.3d at 299.

The Court specifically explored Freeman's agreement to waive his right to file a §2255 collateral attack of his conviction or sentence and found such waiver to be valid. The Court also asked Freeman in open court whether anyone had forced him in any way

5

to enter a plea of guilty, which Freeman denied. To the contrary, Freeman verified that the decision to plead guilty was his "own knowing, free and voluntary act." Freeman also affirmed (during both the plea and sentencing colloquys) that he was satisfied in all respects with the advice and representation provided by attorney Donohue.

As explained by Judge Ambrose in *Joseph*:

> [I]t is important to note the Supreme Court's observation that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The Court concludes that enforcement of Freeman's plea agreement, including his waiver of his right to file a § 2255 collateral attack of his conviction and/or sentence, would not work a miscarriage of justice. Freeman's decision to enter into an agreement with the government to plead guilty and to accept a negotiated sentence was knowing, free and voluntary. There was no misconduct by the prosecution. Accordingly, his § 2255 motion will be denied.

B. Ineffective Assistance of Counsel Claims

Because the Court has concluded that the § 2255 waiver is valid and enforceable, the Court need not reach the specific allegations of ineffectiveness of counsel raised by Freeman. The Court notes, however, that to succeed in such a claim, Freeman would have to satisfy <u>both</u> of the following two prongs: (1) such deficient performance by counsel that it deprived him of his constitutional right to assistance of counsel; and (2) a reasonable probability of prejudice. On this record, there is no evidence of prejudice. To the contrary, it appears that the plea agreement and ultimate sentence of 84 months provided several distinct advantages to Freeman. Specifically, the government: (1) allowed Freeman to plead guilty to a lesser-included offense at

Count 1; (2) stipulated to a reduced quantity of heroin attributable to him; (3) agreed to not file a § 851 Information regarding a prior conviction – which would have doubled the applicable mandatory minimum sentence; and (4) agreed to a sentence within the resulting (lower) advisory guideline range. If Freeman had been convicted after trial of the crime charged in the indictment, the Court would have been required by statute to sentence Freeman to a minimum term of imprisonment of not less than 120 months and up to a maximum of life imprisonment. The government argues that Freeman's advisory guideline range, upon conviction after trial, would have been 360 months to life. In sum, there is no evidence that Freeman has been prejudiced by any of the alleged representational conduct of attorney Donohue.[3]

### C. Unadjudicated Allegations

The Court acknowledges that Freeman has accused attorney Donohue of other misconduct, namely, improper solicitation of fees by a CJA-appointed attorney and an unspecified allegation of theft. The Court concludes that these allegations are unrelated to the validity of Freeman's conviction and/or sentence and are therefore not properly within the scope of a § 2255 motion. Federal Rule Governing § 2255 Proceedings 1.

The allegation regarding the CJA appointment is being addressed separately. *See United States v. Konrad*, 730 F.3d 343, 351-52 (3d Cir. 2013) (CJA provides its own mechanism for recouping improper payments). This Court will not adjudicate Freeman's accusation of theft. If Freeman wishes to pursue that accusation, he may file an appropriate complaint with the

---

[3] The Court further notes that some of Freeman's allegations are clearly mistaken. For example, attorney Donohue did, in fact, file (or join) motions to suppress evidence obtained by wiretap and to suppress evidence obtained as a result of the March 2011 traffic stop. The Court did not hold a hearing on those motions due to Freeman's decision to enter a plea of guilty.

7

Disciplinary Board of the Supreme Court of Pennsylvania, Office of Disciplinary Counsel (District 4).

Conclusion

In conclusion, Freeman's waiver of his right to file a § 2255 motion was valid and enforceable. In accordance with the foregoing, Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1008) will be **DENIED**. Civil Action No. 14-272 will be docketed closed.

A certificate of appealability pursuant to 28 U.S.C. § 2253 will not be issued.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | 2: 11-cr-00053 |
| v. ) | 2: 14-cv- 0272 |
| ) | |
| **MONTEZ FREEMAN** ) | |

## ORDER OF COURT

AND NOW this 11th day of July, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1008) filed by MONTEZ FREEMAN is **DENIED**.

Civil Action No. 14-272 shall be docketed closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
Senior United States District Judge

cc:
Gregory Nescott, AUSA

MONTEZ FREEMAN
USMS 07686-068
F.C.I GILMER
P.O. Box 6000
Glenville, WV 26351
(via US Mail)