IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Criminal No. 11-53 |
| v. | ) | |
| | ) | |
| MONTEZ FREEMAN | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

June 10, 2015

### I. Introduction

Pending before the Court is Defendant Montez Freeman's MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2). (ECF No. 1052). The Government filed a timely response, (ECF No. 1061), and Defendant filed its reply thereafter (ECF No. 1063). Both parties having been heard, the motion is ripe for decision. For the reasons that follow, Defendant's motion will be **DENIED**.

### II. Factual Background

Defendant was part of a heroin conspiracy operating in the Western District of Pennsylvania from in and around March, 2009, until in and around April, 2011. (Tr. of Plea and Sentencing Colloquy, ECF No. 1058, at 26). Evidence collected by federal agents revealed that the heroin was supplied to the distributors in Pennsylvania from persons in New York and Michigan. *Id.* Defendant was an active member of this conspiracy. *Id.*

1

The parties in this case reached a negotiated agreement, pursuant to Rule 11(c)(1)(C), whereby Defendant would enter a plea of guilty to a lesser-included offense at Count One of a three-count indictment, namely, conspiracy to distribute and possession with intent to distribute one hundred (100) grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. *Id.* at 15, 25. As part of the agreement, the stipulated amount of heroin attributable to Defendant was more than one hundred (100) grams, but less than four hundred (400) grams, as per U.S.S.G. § 2D1.1, resulting in an applicable guideline range of seventy (70) to eighty-seven (87) months imprisonment. *Id.* at 15. Additionally, the parties agreed that the government would not file an information pursuant to 21 U.S.C. § 851, based on Freeman's prior felony conviction. *Plea Agreement ¶ B(3)*. The parties stipulated to a sentence of eighty-four (84) months imprisonment. *Id*. After conducting a thorough colloquy to ensure that the Defendant understood the terms of the negotiated agreement and entered into it knowingly and voluntarily, the Court accepted the agreement and sentenced Defendant accordingly. *Id.* at 37.

### III. Legal Analysis

#### A. Discussion

Federal courts have the authority "modify a term of imprisonment in the case of a Defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 944(o)." 21 U.S.C. § 3582(c)(2). The Court must conduct a two-step inquiry in deciding whether to modify a particular Defendant's term of imprisonment:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.

*Dillon v. United States*, 560 U.S. 817, 827 (2010). Further:

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827 (emphasis added). Importantly, as the above quote indicates, the Court retains the discretion to deny a defendant's motion for a reduction. *Id.*; *see United States v. Matteo*, 560 F.3d 152 (3d Cir. 2009) ("We review a court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion."); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such discretionary reduction [. . .] does not entitle a defendant to a reduced term of imprisonment as a matter of right"). Moreover, the Court is limited in its ability to reduce a term of imprisonment; it cannot reduce a sentence beyond the lower limit of the amended guideline range. *Dillon*, 560 U.S. at 827; *see* U.S.S.G. § 1B1.10(b)(2). Following the method prescribed by *Dillon*, the Court finds that a reduction in sentence is not warranted in this case.

At the first step, the Court concludes that Defendant is technically eligible for a sentence reduction according to Amendment 782 of the Sentencing guidelines. Defendant was sentenced according to a stipulated sentence, which was based on U.S.S.G. § 2D1.1, and not on U.S.S.G. § 4B1.1, the guideline used for career offenders. Plea Agreement at (C)(2); (Tr., ECF No. 1058 at 15).[1]

---

[1] The relevant portion of the agreement reads:
> The parties stipulate that the type and quantity of controlled substance attributable to Montez Freeman in this case *for the purposes of § 2D1.1 of the Sentencing Guidelines* is at least 100 grams, but less than 400 grams of heroin.

(Plea Agreement at (C)(2) (emphasis added)).

Had Amendment 782 been in effect at the time of Defendant's initial sentencing, his offense level for the amount of heroin stipulated by the parties would have been twenty-one (21), rather than twenty-three (23). With a criminal history score of IV, the advisory guideline sentence range, as amended, would have been fifty-seven (57) to seventy-one (71) months. However, there is a statutory minimum of sixty (60) months, 21 U.S.C.§ 846, below which the court could not reduce defendant's sentence. *Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10. Defendant requests from the Court a proportional reduction in his term of imprisonment from the original sentence of eighty-four (84) months to sixty-eight (68) months.

The Court's consideration of the § 3553(a) factors at Step Two of the *Dillon* inquiry, however, dictates against a reduction in sentence. The crime for which Defendant was sentenced involved a conspiracy to distribute heroin that spanned several states and lasted several years. The parties—and the Court—agreed upon a stipulated sentence that is appropriate under the facts and circumstances of this case. That agreement has already conferred upon Defendant significant benefits. As per the agreement, Defendant avoided a designation as a career offender, which would have been entirely warranted given Defendant's criminal history.[2] Indeed, Defendant's rap sheet, which the Court had read in its entirety before accepting the stipulated sentence, is full of with criminal conduct convictions related to violence, firearms, and drugs, and which endangered both Defendant and the greater community. Perhaps more importantly, pursuant to the plea agreement between the parties, the government agreed not to file an information pursuant to 21 U.S.C. § 851, which would have doubled the mandatory statutory minimum

---

[2] In addition to producing a much higher guideline range, the Defendant's designation as a career offender would have rendered him ineligible for a reduction under Amendment 782. *See Mateo*, 560 F.3d at 155 ("[Amendment] only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level under § 4B1.1"). In this case, if designated as a career offender, Defendant's base offense level would have been thirty-four (34), and his criminal history category would have been VI. *See* U.S.S.G. § 4B1.1. After credit for acceptance of responsibility, Defendant's advisory guideline range would have been 188 to 235 months. *Id.*

sentence applicable to Defendant to 120 months. This is far longer than his current sentence of eighty-four (84) months. Moreover, had the § 851 Information been filed, the Court would not have had the authority to reduce Freeman's sentence as he now requests.

Finally, the sentence actually imposed on Defendant was sufficient, but not greater than necessary to conform to the statutory requirements and guideline recommendation, and to avoid unwarranted sentencing disparities among similarly situated Defendants. The sentence was based on the need to reflect the seriousness of the offense, to afford adequate deterrence to future criminal conduct, and to protect the public from further crimes by Defendant. For all of the foregoing reasons, the Court finds the Defendant's request for a reduction in sentence is unwarranted and is hereby denied.

**B.     Conclusion**

The Court, in the exercise of its discretion, finds the sentence to which the parties stipulated in the plea agreement is sufficient, but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553. Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) will therefore be denied. An appropriate order follows.

McVerry, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| | ) | Criminal No. 11-53 |
| v. | ) | |
| | ) | |
| MONTEZ FREEMAN | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this the 10th day of June, 2015, in accordance with the foregoing Memorandum Opinion, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2), (ECF No. 1052), filed by Defendant, Montez Freeman, is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Troy Rivetti, AUSA**
Email: troy.rivetti@usdoj.gov
**Cindy Chung, AUSA**
Email: Cindy.Chung2@usdoj.gov

**Michael J. Novara, FPD**
michael_novara@fd.org

(via CM/ECF)